IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILTON WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-184-GPM |
| ) | |
| SHERRY BENTON, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Pinckneyville Correctional Center (Pinckneyville), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Liberally construing Plaintiff's *pro se* complaint, which is filled with awkward sentences and unusual word choices often used by prisoners attempting to imitate legalese, it appears that Plaintiff suffers from "high myopia" and has "retinal detachments in both eyes."  *See* Attachment to Complaint (Letter from Marcus J. Solomon, MD, dated February 22, 1995).  As a result, Plaintiff is " legally blind." *Id*.

In 2005, Plaintiff was transferred from Lawrence Correctional Center (Lawrence) to Pinckneyville.  Since this transfer, Plaintiff has objected to being housed with other inmates at Pinckneyville on the basis that the proposed cellmates do not suffer from a physical impairment. Plaintiff believes that if he is housed with an inmate who is not "matched" in terms of physical impairment, he will be physically attacked.  As a result of his refusal to accept his cell assignments, Plaintiff has been issued several disciplinary tickets for refusing to obey orders.  Plaintiff has been

found guilty of these infractions and, accordingly, been subjected to disciplinary segregation and other restrictions.[1]

It appears that Plaintiff requested a transfer from Pinckneyville to Dixon Correctional Center (Dixon) but that the request was denied by Defendant Benton. Plaintiff brings this action as a "writ of certiorari" for this Court to review the denial of his transfer. Specifically, Plaintiff claims that the denial of transfer request does not comply with various provisions of state law.

Additionally, Plaintiff claims that he suffers "visual aches in the eyes" and that he is denied medication and proper medical treatment for his condition. Complaint at ¶ 14.

### DISCUSSION

"[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992), *citing Montanye v. Haymes*, 427 U.S. 236 (1976); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).[2] Defendant Benton's alleged failure to comply with state law in denying Plaintiff's request for a transfer to Dixon is not a matter which this Court can review either by certiorari or by direct appeal. Furthermore, Benton's alleged actions – being mere violations of state law – do not rise to the level of a constitutional violation. *Pasiewicz v. Lake County Forest Preserve*

---

[1] These restrictions do not appear to involve the loss of good conduct credit.

[2] The caveat to this rule – involving transfer or assignment to a prison where the conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" – does not apply here, where the transfer decision does not involve Tamms Correctional Center, the closed maximum security prison (i.e., supermax prison) in Illinois. *See Westefer v. Snyder*, Civil No. 00-162-GPM (S.D. Ill. decided July 20, 2010), *citing Sandin v. Conner*, 515 U.S. 472 (1995).

*Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) (federal government is not the enforcer of state law); *Vruno v. Schwarzwalder*, 600 F.2d 124, 130-31 (8th Cir. 1979) (simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension).

While Plaintiff need not suffer an actual attack to secure *prospective* relief on a claim that prison officials have failed to adequately protect him from other inmates, *Farmer v. Brennan*, 511 U.S. 825, 845 (1994); *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923), he nevertheless still must allege facts indicating that he faces imminent likelihood of physical damage and that Defendant Benton is unlikely to protect him from that damage. *See e.g., Stevens v. Harper*, 213 F.R.D. 358, 370-71 (E.D. Cal. 2002) (finding that prisoner plaintiff was not entitled to prospective injunctive relief on his failure to protect claim when he failed to allege facts showing an imminent likelihood of damage).

It is a fact of life that some inmates are physically more capable than others. Mere differences between physical abilities – standing alone – do not indicate that the less capable inmate is in imminent likelihood of harm from the more capable inmate. Plaintiff has not alleged any facts indicating that any of his proposed cellmates were inclined or disposed to harm him.[3] Consequently, Plaintiff's complaint does not state a "failure to protect" claim under the Eighth Amendment.

With regard to his claim that he has been denied adequate medical treatment by the medical staff at Pinkneyville, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus

---

[3] Attached to the complaint are documents concerning a disciplinary ticket Plaintiff received on November 1, 2009, for fighting with another inmate (Marsh) after the "physically challenged chow line" was served. There is no indication, however, that this other inmate was a proposed cellmate for Plaintiff. Furthermore, as noted above, Plaintiff has been confined at Pinckneyville since 2005. One fight in five years does not suggest that Plaintiff currently is in imminent danger.

to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff has not named any individual other than Defendant Benton, and he has not alleged how Defendant Benton is personally responsible for any alleged denial of medical care.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: 08/12/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge